UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                          Case No. 6:11-cv-2043-Orl-36TBS

CANDICE D. HILL, and MARSHA L.
MCEACHERN,

    Defendants.

## ORDER

Pending before the Court are Plaintiff, Metropolitan Life Insurance Company's Motion to Substitute the Estate of Marsha L. McEachern as a Party (Doc. 22) and Plaintiff, Metropolitan Life Insurance Company's Amended Motion to Substitute the Estate of Marsha L. McEachern as a Party (Doc. 23).

Both Defendants have submitted claims to the remaining fifty percent of decedent Ralph Kimmel's interest in the Allegheny Technologies Health and Welfare Plan, an ERISA-regulated employee welfare benefit plan ("Plan"). (Doc. 1). Plaintiff, in its capacity as Plan administrator, filed this interpleader action to obtain a judicial determination of this controversy. (Id.)

Plaintiff has filed a suggestion of death stating that defendant, Marsha L. McEachern died on June 21, 2012. (Doc. 23-1). The suggestion of death includes a copy of the Office of Vital Statistics Certification of Death for McEachern, however, the date of death has been redacted. Accepting Plaintiff's unrebutted representation

concerning the date of McEachern's death as true, the motion for substitution was timely filed. Fed.R.Civ.P. 25(a)(1).

According to Plaintiff's Local Rule 3.01(g) certification, defendant, Candice D. Hill opposes the motion. (Id.) However, Hill has not filed a response to the motion and the time to do so has expired. (Docket). Accordingly, while Hill may dispute McEachern's entitlement to recovery in this action, it does not appear that she disputes the appropriateness of the proposed substituted party.

Remedial actions survive the death of a party while penal actions do not. United States v. NEC Corp., 11 F.3d 136, 137 (11th Cir. 1993). "In deciding whether a statute is penal or remedial, we must examine three factors: '(1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; (2) whether recovery under the statute runs to the harmed individual or to the public; and (3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered.'" Id. (quoting In re Wood, 643 F.2d 188, 191 (5th Cir. 1980)). ERISA is a remedial statute. ITPE Pension Fund v. Hall, 334 F.3d 1011, 1015 (11th Cir. 2003). Upon consideration of the three factors, the Court finds this is a remedial action because it seeks to pay benefits to the proper beneficiary under an ERISA plan; the recovery will run to the correct beneficiary; and there is nothing disproportionate about the amount to be paid. Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 248 (3rd Cir. 2002); Geissal v. Moore Medical Corp., 338 F.3d 926, 931 (8th Cir. 2003).

Now, Plaintiff, Metropolitan Life Insurance Company's Amended Motion to Substitute the Estate of Marsha L. McEachern as a Party (Doc. 23) is GRANTED. The Estate of Marsha L. McEachern is substituted for Marsha L. McEachern as a party defendant in this action. Plaintiff shall serve the non-party representative(s) of the estate of Marsha L. McEachern, deceased, pursuant to Fed.R.Civ.P. 4.

Plaintiff, Metropolitan Life Insurance Company's Motion to Substitute the Estate of Marsha L. McEachern as a Party is DENIED as moot.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on August 27, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    All Counsel
    All Unrepresented Parties