IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,
    Plaintiff,

                                                   Case No. 6:11-cv-02043-CEH-TBS

vs.

CANDICE D. HILL AND
MARSHA L. MCEACHERN

    Defendants.
_____/

**PLAINTIFF METROPOLITAN LIFE INSURANCE COMPANY'S
MOTION TO BE EXCUSED FROM MEDIATION**
(with 3.01(g) Certificate of Compliance)

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel hereby moves the Court for an Order excusing MetLife and its counsel from participating in mediation in this action and states:

1. This is an interpleader action brought by MetLife to determine the distribution of life insurance benefits arising as a consequence of the death of Ralph Kimmell (the "Decedent"). Complaint in Interpleader ("Complaint [Dkt. 1]).

2. At the time of the Decedent's death on June 2, 2010, he was enrolled under the Allegheny Technologies Health and Welfare Plan (the "Plan") for life insurance coverage in the amount of THIRTEEN THOUSAND THREE HUNDRED AND EIGHTY DOLLARS ($13,380) (the "Plan Benefits"). *See* Dkt. 1 ¶¶ 12,13.

3. The Plan Benefits became payable to the proper beneficiary upon the Decedent's death, pursuant to the terms of the Plan. *See* Dkt. 1 ¶ 13.

{25291182;1}

4.  On April 25, 2011, Candice D. Hill, claiming as the Decedent's daughter, submitted a claim to MetLife for the Plan Benefits. *See* Dkt. 1 ¶ 14.

5.  MetLife could not verify that Candice D. Hill was a child of the deceased. Candice D. Hill's birth certificate does not list the Decedent as her father. *See* Dkt. 1 ¶ 15.

6.  On May 13, 2011, Marsha L. McEachern, the Decedent's daughter, submitted a claim to MetLife for the Plan Benefits. *See* Dkt. 1 ¶ 17.

7.  On May 23, 2011, MetLife paid 50% of the Plan Benefits in good faith to the undisputed daughter of the Decedent, Marsha L. McEachern. *See* Dkt. 1 ¶ 18.

8.  Accordingly, the remaining 50% of the Plan Benefits in the amount of SIX THOUSAND SIX HUNDRED AND NINETY DOLLARS ($6,690) of the Plan Benefits remains payable to the proper beneficiary or beneficiaries ("Remaining Plan Benefits"). *See* Dkt. 1 ¶ 19.

9.  MetLife cannot determine whether a court would find that Candice D. Hill is the Decedent's child. *See* Dkt. 1 ¶ 20.

10. Accordingly, MetLife filed this interpleader action on December 27, 2011.

11. During the pendency of this action, Marsha McEachern died on June 21, 2012.

12. MetLife moved to substitute in the Estate of Marsha McEachern in place of Ms. McEachern individually. *See* Dkt. 21. On August 27, 2012, the Court granted the motion for substitution.

13. On September 28, 2012, MetLife served Charles McEachern, Marsha's husband, as the representative for Ms. McEachern's estate, although to MetLife's undersigned counsel's knowledge, formal estate papers have not been filed yet. The affidavit of service was filed with this Court. *See* Dkt. 28.

14. On March 1, 2012, the Court entered its Case Management and Scheduling Order that set the deadline for mediation as November 1, 2012. *See* Dkt. 13. On this same day, the Court referred the case to mediation per an entry made on the docket.

15. Pursuant to the parties' communication after the Case Management Conference, mediation in this matter was scheduled on September 13, 2012 with Thomas Kane of Mediation Services of Central Florida, 174 W. Comstock Avenue, Winter Park, FL 32789. MetLife filed a Notice of Mediation and an Amended Notice of Mediation. *See* Dkts. 15 and 16.

16. Candice Hill then refused to pay for and attend the mediation despite MetLife's counsel providing Ms. Hill with an additional copy of the Court's Case Management and Scheduling Order that details that rules and obligations of parties in mediation. On August 9, 2012, MetLife provided the Court with notice of Ms. Hill's objections. *See* Dkt. 22.

17. Because Ms. Hill refused to participate in the mediation and there was no representative of the Estate of Marsha McEachern that was properly served by September 13, 2012, the mediation was cancelled and has not been rescheduled.

18. MetLife simultaneously herewith files its Motion for Interpleader and For Dismissal from this Action with Prejudice.

19. MetLife is a disinterested stakeholder in this interpleader case and has requested leave to deposit the Plan Benefits in the Court's registry. Under these circumstances, MetLife's presence at the mediation is not necessary.

20. Accordingly, MetLife respectfully requests that the Court excuse MetLife and its counsel from attending a mediation in this matter, which the Court has set a deadline to complete by November 1, 2012, and excuse it from bearing any costs associated with the mediation.

## Memorandum of Law

Pursuant to Local Rule 9.05(c), *M.D. of Fla. Local Rules*, a party is not required to participate in mediation if excused in writing by the presiding judge. MetLife is a disinterested stakeholder in this case and does not take any position as to who is entitled to the Remaining Plan Benefits. MetLife has filed herewith its Motion for Interpleader requesting to deposit the Plan Benefits in the Court's registry and anticipates the granting of this motion. In order to conserve resources and serve the interests of justice, MetLife requests to be excused from the mediation. The only issue to be resolved at the mediation is the distribution of the Remaining Plan Benefits, and MetLife takes no position on this issue.

WHEREFORE, Plaintiff, Metropolitan Life Insurance Company, respectfully requests that the Court enter an order excusing MetLife and its counsel from attending and participating in the mediation scheduled to occur in this matter on or before

November 1, 2012 and excusing MetLife from bearing any costs or expenses associated with said mediation.[1]

### Certificate of Compliance with Local Rule 3.01(g)

On October 16, 2012 MetLife's undersigned counsel conferred with Charles McEachern, as representative of the Estate of Marsha McEachern, regarding this Motion, and he had <u>no</u> objection to the relief requested herein. On October 16, 2012 MetLife's undersigned counsel conferred with Candice Hill regarding this Motion, and Ms. Hill objected to any relief requested by MetLife because she believes that she is the sole person entitled to the Remaining Plan Benefits and that MetLife should pay them to her now that Ms. McEachern has died

Dated: October 24, 2012

                                        Respectfully submitted,

                                        */s/ Mary Catherine Losey*
                                        Stephanie A. Segalini, Esq.
                                        Florida Bar No. 092630
                                        Mary Catherine E. Losey, Esq.
                                        Florida Bar No. 069217
                                        AKERMAN SENTERFITT
                                        420 South Orange Avenue
                                        Suite 1200
                                        Orlando, FL 32801
                                        Phone: (407) 423-4000
                                        Fax: (407) 843-6610
                                        Email: Stephanie.Segalini@akerman.com
                                        Email: Catherine.Losey@akerman.com

                                        *Attorneys for Plaintiff, Metropolitan Life Insurance Company*

---

[1] MetLife has refrained from submitting a proposed Order pursuant to this Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Paragraph II(E)(4), but is willing and able to provide a proposed Order upon request.

{25291182;1}

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 24, 2012, I filed the foregoing with the Clerk of the Court using the CM/ECF system, and furnished a copy by U. S. mail to: Candice. D. Hill, 5778 Ocotillo Avenue, 29 Palms, CA 92277 and Charles McEachern, representative for the Estate of Marsha L. McEachern, 3720 S. Courtenay Parkway, Merritt Island, FL 32952-6131.

*/s/ Mary Catherine E. Losey*
Mary Catherine E. Losey, Esq.