**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

METROPOLITAN LIFE INSURANCE
COMPANY,

                Plaintiff,

v.                                                                    Case No:  6:11-cv-2043-Orl-36TBS

CANDICE D. HILL and ESTATE OF
MARSHA L. MCEACHERN,

                Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff Metropolitan Life Insurance Company's ("Plaintiff") Motion for miscellaneous relief, specifically Interpleader and Dismissal from Action with prejudice ("Plaintiff's Motion").  Doc. 29.  On December 5, 2012, Magistrate Judge Thomas B. Smith submitted a Report and Recommendation, recommending that the Court grant in part and deny in part Plaintiff's Motion, order Plaintiff to deposit the remaining plan benefits into the Court's registry and then dismiss Plaintiff with prejudice from this action.  Doc. 36, p. 6.

After an independent *de novo* review of the record, including Plaintiff's Objection (Doc. 37), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

## I.    BACKGROUND

### A.  Factual Background

This is an interpleader action to determine the distribution of life insurance benefits arising from the death of Ralph Kimmel ("Decedent").  Doc. 36, p. 1.[1]  The Decedent was a participant in the Allegheny Technologies Health and Welfare Plan ("Plan"), an ERISA-regulated welfare benefit plan sponsored by Allegheny Technologies, Inc. and funded by a group life insurance policy issued by Plaintiff.  *Id.* at 2.  The Decedent died on June 2, 2010, and at that time, he was covered in the amount of $13,380 ("Plan Benefits").  *Id.*  The Plan provides that if a participant fails to name a beneficiary by the time of death the amount will be paid to one or more persons in the following order: (1) spouse; (2) child; (3) parent; (4) brother and sister.  The Decedent's last beneficiary designation was his wife, who predeceased him.  *Id.*

On April 25, 2011, Defendant Candice D. Hill ("Hill") submitted a claim to Plaintiff for the Plan Benefits, as the Decedent's daughter.  *Id.*  On May 13, 2011, Defendant Marsha L. McEachern ("McEachern") submitted a claim to Plaintiff for Plan Benefits.  Plaintiff determined that McEachern is Decedent's daughter, and paid 50% of the Plan Benefits to her.  *Id.*

The remaining 50% of the Plan Benefits, $6,690, is payable to the proper beneficiaries, but Plaintiff cannot determine whether a court would find that Hill is the Decedent's daughter without risking exposure to liability.  *Id.*

### B.  Procedural History

On December 27, 2011, Plaintiff filed the Complaint in this action, naming Hill and McEachern as Defendants.  *See* Doc. 1.  On June 21, 2012, McEachern died and the Court substituted McEachern's estate as the party in this case.  Docs. 20, 21.  Defendants have not

---

[1] As no party made specific objections to the Magistrate Judge's factual findings, the Court is not required to review those findings *de novo.  See Garvey v. Vaughn*, 993 F.2d 776, 779, n.9 (11th Cir. 1993).  The Magistrate Judge notes that unless otherwise stated, the facts are taken from Plaintiff's Complaint.  Doc. 36, p. 2; *see* Doc. 1.

answered Plaintiff's Complaint or responded to the Court's Interested Persons Order, and have failed to comply with two of this Court's Orders to Show Cause.  Docs. 14, 17, 19.

In its Motion, Plaintiff seeks to deposit the remaining Plan Benefits with the Court and be dismissed from this action.  Doc. 29.  Plaintiff argues that it is a disinterested stakeholder and should be allowed to withdraw from the proceedings and avoid multiple liability.  *Id.*  Also, Plaintiff seeks to enjoin Defendants from instituting any action or proceeding in any state or United States court against Plaintiff, Allegheny Technologies Health and Welfare Plan, or Allegheny Technologies, Inc., for the recovery of the Plan Benefits.  *Id.* at 7.  Finally, Plaintiff agrees to waive all rights it would otherwise have to recover attorneys' fees for this action.  *Id.* at ¶ 21.

## II.    STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

3

### III.    ANALYSIS

In his Report and Recommendation, Magistrate Judge Smith found that Plaintiff is a disinterested stakeholder and is entitled to be dismissed from this action once it deposits the disputed funds into the Court's Registry.  Doc. 36, p. 4 (citing *Southtrust Bank of Fla., N.A. v. Wilson*, 971 F. Supp. 539, 542 (M.D. Fla. 1997) (holding that if the court finds a proper interpleader action was instituted by a disinterested stakeholder, the disinterested stakeholder should be dismissed from the action and discharged from liability once it deposits the disputed funds into the Court's registry)).   However, the Magistrate Judge recommended denying Plaintiff's request to enjoin Defendants from instituting any action or proceeding in any state or United States court against Plaintiff for the recovery of Plan Benefits.  Doc. 36, pp. 4-5.

In its Objection, Plaintiff argues that its action is not brought only pursuant to Federal Rule of Civil Procedure 22, but is also a statutory interpleader action under 28 U.S.C. § 1335. Doc. 37, p. 3; *see* Doc. 1, ¶ 4.  Plaintiff maintains that an injunction is permissible for this interpleader action pursuant to 28 U.S.C. § 2361.  *Id.* (citing *Orseck v. Servicios Legales de Mesoamerica S. De. R. L.*, 699 F. Supp. 2d 1344 (S.D. Fla. 2010)).  In *Orseck*, the district court determined that the case qualified as a statutory interpleader under 28 U.S.C. § 1335, and then found, within its discretion, that an injunction was warranted pursuant to 28 U.S.C. § 2361.  699 F. Supp. 2d at 1351.[2]  Plaintiff concedes that the Court has discretion with regard to the issuance and scope of an injunction pursuant to 28 U.S.C. § 2361.  *Id.*  Although Plaintiff does not object to the Magistrate Judge's explicit finding that an injunction pursuant to 28 U.S.C. § 2361 is not available as a basis for an injunction in a Rule 22 and ERISA interpleader, it argues that because

---

[2] The *Orseck* court restrained any claimants from instituting a proceeding against the Plaintiff, in any state or federal court, regarding the disputed funds at issue in that action.  *See Orseck*, 699 F. Supp. 2d at 1351.

this case is not a "pure Rule 22 action" and is also a statutory interpleader action under 28 U.S.C. § 1335, the Court should use its discretion to issue the requested injunction.  Doc. 37, pp. 3-5.

In his Report and Recommendation, the Magistrate Judge found that the injunctive relief contemplated by 28 U.S.C. § 2361, restraining claimants from instituting proceedings "affecting the property, instrument or obligation involved in the interpleader action until further order of the court," is not the injunctive relief Plaintiff is seeking and is not available in a Rule 22 and ERISA case.  Doc. 36, p. 5 (citing *Harris Corp. v. Dunn*, 2006 WL 3691541 (M.D. Fla. 2006)).  The Court agrees, as Plaintiff notes, that *Dunn* is distinguishable because the parties were not of diverse citizenship, and thus could not qualify for a statutory interpleader action pursuant to 28 U.S.C. § 1335; *see* Case No. 6:05-cv-1388, Doc. 1, ¶¶ 12-14.  However, the Court agrees with the Magistrate Judge that an injunction pursuant to 28 U.S.C. § 2361 is not available in a Rule 22 interpleader action.  *See* 7 Charles Wright, Miller & Kane, Federal Practice & Procedure § 1717 (3d ed. 2012) ("Section 2361 only authorizes injunctions against other judicial proceedings in statutory-interpleader actions; it does not apply to rule interpleader.").  Moreover, apart from claiming it is not a "pure Rule 22 interpleader action", Plaintiff provides no support for the position that an injunction pursuant to 28 U.S.C. § 2361 is appropriate in an action that qualifies as both a statutory interpleader and a Rule 22 interpleader.  *See* Doc. 37.  Indeed, "Section 2361 only authorizes injunctions against other judicial proceedings in statutory-interpleader actions; it does not apply to rule interpleader." *Am. Gen Life Ins. Co. v. Jones*, 2008 WL 4949847, *2 (S.D. Ala. 2008).

Furthermore, even if the law permitted an injunction, the Court agrees with the Magistrate Judge that Plaintiff has made no factual assertion as to why its interests would not be protected by *res judicata* or collateral estoppel after the Court enters its judgment.  Doc. 36, pp.

5-6 (citing *Hallman v. Hallman*, 2012 WL 5879825, *2 (M.D. Ga. 2012) (denying motion for injunction because plaintiff did not assert its interests would not be adequately protected by *res judicata* and collateral estoppel); *Jones*, 2008 WL 4949847, *2 n.4 (noting that *res judicata* or collateral estoppel would prevent either claimant from suing in the future)).  It is evident that Defendants will be estopped from future actions against Plaintiff seeking the Plan Benefits.

Finally, Plaintiff requests an injunction to protect the interests of Allegheny Technologies Health and Welfare Plan and Allegheny Technologies, Inc.—two entities that are not parties to this action.  Doc. 29, p. 7.  The Court agrees with the Magistrate Judge that Plaintiff has not provided any legal authority for why an injunction protecting these entities' interests is appropriate.  Doc. 36, p. 4.  Plaintiff's explanation that "these would be the other likely parties that the Defendants may sue for recovery of the life insurance funds" is insufficient.  Doc. 37, p. 5.

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is now **ORDERED and ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 36) is **ADOPTED, CONFIRMED and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff Metropolitan Life Insurance Company's Motion for miscellaneous relief, specifically Interpleader and Dismissal from Action with prejudice (Doc. 29) is **granted in part and denied in part:**

     a.   Plaintiff is ordered to deposit the remaining Plan Benefits totaling $6,690, plus any accrued interest, into the Court's registry within thirty (30) days of the date of this Order;

     b.   Plaintiff is discharged from all liability to Defendants in connection with this Plan and the Plan Benefits;

     c.   Plaintiff's request for injunctive relief is **DENIED.**

3. Plaintiff will be **DISMISSED, with prejudice,** from this action, upon notice to the Court that it has deposited the remaining Plan Benefits into the Court's registry.

4. The Clerk is directed to deduct from the remaining Plan Benefits any fees payable to the Clerk's office.

     **DONE** and **ORDERED** in Orlando, Florida on March 25, 2013.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Thomas B. Smith